IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:22-CV-00128-DSC

| | |
|---|---|
| JONATHAN WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND ORDER** |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on "Plaintiff's Dispositive Brief" (document #8), Defendant's "Memorandum … in Support of the Commissioner's [Decision]" (document #15) and "Plaintiff's Reply" (document #16).[1]

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and the matter is ripe for disposition.

The Court finds that Defendant's decision to deny Plaintiff Social Security benefits is not supported by substantial evidence. Accordingly, the Court will <u>reverse</u> the Commissioner's decision.

**I. PROCEDURAL HISTORY**

The Court adopts the procedural history as stated in the parties' briefs.

---

[1] Following recent amendments to the Supplemental Rules for Social Security Actions, 42 U.S.C. § 405(g), and to Local Civil Rule 7.2, the parties no longer file dispositive motions.

Plaintiff filed the present action on September 21, 2022. He assigns error to the Administrative Law Judge's formulation of his mental Residual Functional Capacity.[2] See "Plaintiff's Dispositive Brief" at 2, 5-25 (document #8); Plaintiff's "Reply …" at 1-4 (document #16). Specifically, he argues that the ALJ failed to account for mild limitations in each of the Listing 12.0, Paragraph B mental function criteria in formulating his RFC. Id.

The ALJ found that Plaintiff had the RFC to:

> perform sedentary work as defined in 20 CFR 404.1567(b) but with the limitations of lifting and carrying up to 10 pounds occasionally and less than 10 pounds frequently; standing and/or walking an aggregate of 2 hours; sitting at least 5 hours in an 8-hour workday; occasionally stooping, balancing, crouching, kneeling, or climbing stairs or ramps, but no crawling or climbing ropes, ladders, or scaffolds; and no exposure to unprotected heights, vibration, or dangerous machinery.

(Tr. 36). Based upon this RFC, the ALJ found Plaintiff could perform other work existing in the national economy and was not disabled.

## II. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

The question before the ALJ was whether Plaintiff became disabled at any time.[3] Plaintiff challenges the ALJ's determination of his RFC. The ALJ is solely responsible for assessing a

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable

claimant's RFC.  20 C.F.R. §§ 404.1546(c) & 416.946(c).  In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments.  SSR96-8p, available at 1996 WL 374184, at *2.  The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence."  Id.

Plaintiff has the burden of establishing his RFC by showing how his impairments affect his functioning.  See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."  780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)).  This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested.

In Mascio, the Court also "agree[d] with other circuits that an ALJ does not account 'for a claimant's [moderate] limitations in concentration, persistence, and pace by restricting the

---

       physical or mental impairment which can be expected to result in death or which has lasted or can
       be expected to last for a continuous period of not less than 12 months…
       Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting Winschel v.Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)). See also SSR 96-8p (where ALJ completes Psychiatric Review Technique Form ("PRTF"), mental RFC evaluation for use at Steps 4 and 5 "requires a more detailed assessment by itemizing various functions … summarized on the PRTF"). "The ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence or pace." Id.

The ALJ's finding of mild rather than moderate limitations in the Paragraph B criteria does not necessarily translate into work-related limitations. But "[w]hile the court agrees with the Commissioner's argument that the fact that the ALJ found mild limitations in the paragraph B criteria does not necessarily translate to a work-related functional limitation, Mascio clearly imposes on the Commissioner a duty to explain why such mild mental health impairments found at step two do not translate into work-related limitations when [P]laintiff's RFC for work is considered." Reinhardt v. Colvin, 2015 U.S. Dist. LEXIS 50952 (W.D.N.C. 2015). See also Ashcraft v. Colvin, 3:13-cv-00417-RLV-DCK at *19 (W.D.N.C. Dec. 21, 2015); McMichael v. Colvin, 1:15-cv-528 at *12 (M.D.N.C. Aug. 31, 2016); Boone v. Saul, 1:20-CV-00094-GCM-DCK at *5–6 (W.D.N.C. Apr. 27, 2021). The ALJ must consider the combined effect of both severe and non-severe impairments. Hines v. Bowen, 872 F.2d 56, 59 (4th Cir. 1989). SSR 96-8p explicitly directs:

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim. For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a "not severe" impairment may

prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.

Here, the ALJ failed to address whether Plaintiff's mild mental limitations resulted in any functional limitations. While the ALJ may have found that Plaintiff's mild mental health impairments do not result in any functional limitations, his failure to explain that finding requires remand. Mascio, 780 F.3d at 636; Reinhardt, 2015 U.S. Dist. LEXIS 50952.

In a similar situation, the Fourth Circuit has stated:

> We do not take a position on the merits of [Plaintiff's] application for disability benefits. Instead, the dispute here arises from a problem that has become all too common among administrative decisions challenged in this court--a problem decision makers could avoid by following the admonition they have no doubt heard since their grade-school math classes: Show your work. The ALJ did not do so here, and this error rendered his decision unreviewable.

Patterson v. Comm'r of Social Security, 846 F.3d 656, 663 (4th Cir. 2017).

As in Mascio, "[p]erhaps the ALJ can explain why [Plaintiff's] … limitation in [activities of daily living, social function and] concentration, persistence or pace … does] not translate into a limitation in [her] residual functional capacity…. But because the ALJ gave no explanation, a remand is in order." Id.

### III. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. The Commissioner's decision is **REVERSED** and this matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[4]

---

[4] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: February 9, 2023

David S. Cayer
United States Magistrate Judge